UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES EDWARD BROWN,

Plaintiff,

v.

WEST COAST-HEGENBERGER
PROPERTIES, LLC,

Defendant.

Case No. 25-cv-07488-EMC

**ORDER GRANTING MOTION TO VACATE ENTRY OF DEFAULT; GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Docket Nos. 33, 34

Plaintiff James Edward Brown, proceeding pro se, has sued Defendant West Coast-Hegenberger Properties, LLC regarding an incident in which Plaintiff's vehicle was robbed. Dkt. No. 13, Second Amended Complaint (SAC). The SAC states that the robbery occurred when Plaintiff visited and parked his car on 8450 Edgewater Drive, a property Plaintiff alleged to be "owned, operated and controlled by Defendant." SAC at 4. Plaintiff alleged that, after the incident, a nearby security guard told him that "That property has no security at all. This happens all the time." *Id.*

On November 20, 2025, the U.S. Marshalls served Defendant at its place of business. Dkt. No. 24. Defendant failed to appear or answer by the noticed date of December 11, 2025. Dkt. No. 24, 27. On December 18, the Clerk of Court entered default. Dkt. No. 28. On January 7, 2026, Plaintiff moved for default judgment. Dkt. No. 32.

On January 22, Defendant appeared and moved to vacate the entry of default. Dkt. No. 33. Defendant asserted that its default was due to excusable neglect and that Defendant has meritorious defenses, including that Plaintiff sued the wrong entity. *Id.* Counsel for Defendant asserted that the complaint was received late by the client due to holiday office closures at a time

when counsel was returning from a leave of absence due to a family medical emergency. *Id.*; *see also* Dkt. No. 38-1. Defendant states that upon learning of the passed response deadline on December 13, counsel reached out to Plaintiff by email and phone requesting a meeting and extension of time to respond to the complaint. Dkt. No. 33 at Ex. A. On December 23, Defendant sent Plaintiff a letter by certified mail, stating that Plaintiff had sued the wrong entity and that Defendant does not own, operate, manage, or control the 8450 Edgewater Property. *Id.* at Ex. B. Contemporaneous with Defendant's motion to vacate default, Defendant filed a motion to dismiss for misidentification of a party, asserting this same defense. Dkt. No. 34. The motion includes legal instruments demonstrating that Mission Hand Car Wash, Inc. owns the 8450 Edgewater Property, not Defendant. Dkt. No. 34-1.

On February 2, Plaintiff filed a "Notice of Clarification," asserting that Plaintiff was "physically present on the commercial premises bearing the address 8460 Edgewater Drive" at the time of the incident and that "Plaintiff was not present at, and does not allege injury at, 8450 Edgewater Drive." Dkt. No. 36. Defendant does not dispute that it operates and employs a property manager for the 8460 Edgewater parcel but asserts that the 8450 address listed in the Complaint caused "significant confusion" to Defendant during its initial review. Dkt. No. 38.1.

The Federal Rules provide that a "court may set aside an entry of default for good cause." Fed. R. Civ. Pro. 55(c). To determine good cause, a court "must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up). "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). To show a meritorious defense, a Defendant need only point to specific facts, that, if taken as true, would constitute a defense. *Id.* at 700. The burden of this prong is "minimal." *Mesle*, 615 F.3d at 1094. As to the third prong, "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. In assessing the factors, the court bears in mind that

United States District Court
Northern District of California

"judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

Here, Defendant satisfies the good cause factors. Defendant's delay in responding was caused by a congruence of holiday delays on the client end, a leave of absence on counsel's end due to a family emergency, and Plaintiff's apparent error in alleging the property address in his complaint. Nothing indicates that Defendant's failure to answer was intentional. Defendant also has meritorious defenses available: Defendant asserts that it does not own the property on which Plaintiff currently alleges the vehicle robbery occurred. Finally, the case is still in its very initial stages. There is no prejudice to Plaintiff from reopening the case beyond a slight delay, which is legally insufficient under the Ninth Circuit's precedent.

Defendant's motion to vacate entry of default is therefore **GRANTED**.

Given the parties' apparent agreement that Defendant does not own or operate 8450 Edgewater Drive, the property Plaintiff alleged in his complaint, and Plaintiff's clarification that he intended to allege *8460* Edgewater Drive, not 8450 Edgewater Drive, Defendant's motion to dismiss is **GRANTED**. Plaintiff is granted leave to file a third amended complaint to allege the correct address and provide further details on where exactly Plaintiff's car was parked when the incident occurred (*e.g.*, in a parking lot or garage on the premises, in a driveway, on the street, etc.) As previewed in Defendant's motion to dismiss, to assert a claim of premise liability, Plaintiff must allege facts sufficient to show, *inter alia*, that Defendant controlled the area where the injury occurred and had a duty to Plaintiff. *See e.g, Rosenbaum v. Sec. Pac. Corp.*, 43 Cal. App. 4th 1084, 1091 (Cal. App. 1996).

Plaintiff shall file his third amended complaint by **March 30, 2026**.

**IT IS SO ORDERED**.

Dated: 3/16/2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California