United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES EDWARD BROWN,

Plaintiff,

v.

WEST COAST-HEGENBERGER PROPERTIES, LLC,

Defendant.

Case No. 25-cv-07488-EMC

**ORDER DENYING REQUEST FOR ORDER TO SHOW CAUSE**

## I. BACKGROUND

On June 30, 2026, the Court held a status conference, at which Plaintiff failed to appear. Dkt. No. 59. At the status conference, the Court raised concerns about whether there is subject matter jurisdiction in this case. *Id.* These concerns were based on the face of the complaint. On September 1, 2026, Defendant filed a status report apprising the Court that Plaintiff had failed to serve mandatory Federal Rule of Civil Procedure 26(a)(1) disclosures and requesting that the Court issue an order to show cause to Plaintiff why the case should not be dismissed for lack of jurisdiction. Dkt. No. 60. On September 2, Plaintiff filed a notice stating that he served Rule 26 disclosures. Dkt. No. 61. That same day, Defendant filed a response, contending that Plaintiff's disclosures did not comply with Rule 26(a)(1)(A)(iii) because he did not provide the documents on which his claimed damages are based. Dkt. No. 62. Defendant also argues that there is no basis for Plaintiff's claimed emotional distress damages. *Id.*

On September 9, Defendant filed a notice stating that pursuant to Federal Rule of Civil Procedure 36(a)(3), Plaintiff had defaulted on the deadline to respond to Defendant's First Set of Requests for Admission (Nos. 1–20). Dkt. No. 63. Defendant notes that the parties met and

conferred on September 9 about the missed deadline. *Id.* Following the meet-and-confer, Plaintiff sent Defendant an email in which he provided responses to Defendant's First Set of Requests for Admission (Nos. 1–20). *Id.*, Ex. D. On September 10, Plaintiff filed a motion requesting that the Court permit Plaintiff's admissions to be withdrawn. Dkt. No. 64.

## II. DISCUSSION

Plaintiff claims diversity jurisdiction under 28 U.S.C. § 1332, which requires that the amount in controversy be $75,000 or more. Plaintiff, as "the party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Generally, the amount in controversy is "determined from the face of the pleadings," and the sum claimed by plaintiff "controls so long as the claim is made in good faith." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). To justify dismissal for lack of jurisdiction, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

In the operative complaint, Plaintiff does not specify the amount claimed in damages. Dkt. No. 53. Earlier complaints and the parties' joint statement of June 22, 2026 state that Plaintiff seeks damages of $10,000,000. Dkt. Nos. 5, 13, 57. In his disclosures to Defendant, Plaintiff alleges damages of just over $750,000, about $600,000 of which are for emotional distress. Dkt. No. 62, Ex. A. Because "[n]o California case has allowed recovery for emotional distress arising solely out of property damage," *Erlich v. Menezes*, 21 Cal. 4th 543, 554 (1999), the Court's analysis focuses solely on the non-emotional distress damages.

On the record before the Court, it does not appear to a legal certainty that Plaintiff's claim is for less than $75,000. In his disclosures to Defendant, Plaintiff asserts damages of $31,500 in stolen personal property, $69,600 in lost Uber/Lyft/Amazon rideshare and delivery income, $30,000 in lost photography/shipping-and-receiving business revenue, $500 in vehicle damage, $5,000 in "replacement and other out-of-pocket expenses," and $20,000 in "loss/disruption of electronic business data and files." Dkt. No. 62, Ex. A. Defendant notes that Plaintiff has

provided no invoices, business records, earnings statements, or other supporting records to substantiate these claims. But this lack of substantiation would go to the adequacy of Plaintiff's Rule 26(a) disclosures, not whether there is federal jurisdiction.

Defendant's request for an order to show cause to Plaintiff why the case should not be dismissed for lack of jurisdiction is **DENIED**. The Court will enter an order referring discovery disputes to a magistrate judge, and the parties' disputes as to the adequacy of Plaintiff's initial disclosures and admissions under Rule 36 should be resolved in that forum.

**IT IS SO ORDERED**.

Dated: September 11, 2026

EDWARD M. CHEN
United States District Judge