UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD BROWN,<br>Plaintiff,<br>v.<br>WEST COAST-HEGENBERGER PROPERTIES, LLC,<br>Defendant. | Case No. 25-cv-07488-EMC (AGT)<br>**DISCOVERY ORDER**<br>Re: Dkt. No. 67 |

The parties have submitted a discovery letter raising three issues. Dkt. 67. The undersigned addresses each in turn.

*Plaintiff's Rule 26(a)(1)(A)(iii) Disclosures.*

The parties first raise Plaintiff's production of documents supporting his damages calculation. Dkt. 67 at 2. Plaintiff included a damages calculation in his initial disclosures, but hasn't produced any documents or evidence supporting those numbers. *Id.* at 2-3. Defendant seeks these documents within seven days. *Id.* at 3. Plaintiff states he is willing to "make a good-faith production of responsive, nonprivileged documents presently within his possession … that support his damages calculation." *Id.* at 44. He also says he intends to produce "responsive, non-privileged documents … supporting his damages calculations as they are obtained." *Id.* at 5.

Rule 26(a)(1)(A)(iii) requires that a party "without awaiting a discovery request, provide to the other parties … a computation of each category of damages claimed," and

"also make available for inspection and copying … the documents or other evidentiary material" on which that computation is based. Fed. R. Civ. P. 26(a)(1)(A)(iii). These disclosures must be based on the information "reasonably available" to a party. Fed. R. Civ. P. 26(E). Rule 26(e) also imposes a continuing obligation to supplement those disclosures "in a timely manner" if they learn the disclosures are incomplete or incorrect. Fed. R. Civ. P. 26(e). Thus, the initial damages disclosure is "merely a preliminary assessment … subject to revision." *City & Cty. Of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003).

Plaintiff states that he has responsive, nonprivileged documents presently within his possession that are relevant to his damages calculation but weren't disclosed to Defendant. Dkt. 67 at 5, 44; *see also* dkt. 62 at 13-14. Accordingly, Plaintiff must produce these documents by **October 30, 2026**. As Plaintiff obtains further responsive material supporting his damages calculation, he must supplement that disclosure under Rule 26(e).

Defendant also questions the adequacy of Plaintiff's disclosures. *See* Dkt. 67 at 3, 5. But because Defendant largely seeks production of supporting documentation, and Plaintiff doesn't object to providing it, the undersigned concludes that this issue is prematurely raised. For the same reason, so are Defendant's arguments about preclusion under Rule 37(c)(1). *Id.* The parties may raise these issues at an appropriate time, in accordance with the authorities raised in their discovery letter. *See Tutor-Saliba*, 218 F.R.D. at 220-22 (discussing adequacy of an initial damages disclosure under Rule 26).

*Plaintiff's Interrogatory and RFP Responses.*

The parties next raise Plaintiff's failure to respond to Defendant's interrogatories and RFPs. Defendant properly served on Plaintiff these written discovery requests on

August 4, 2026, and his responses were due by September 3, 2026. Dkt. 67 at 3. To date, it hasn't received any responses from Plaintiff. *Id.* As with Plaintiff's Rule 26 disclosure, Defendant seeks these responses within seven days.

Plaintiff suggests that his delay was caused by Defendant's use of an incorrect email address, as well as subsequent correspondence that supposedly numbered Defendant's interrogatories and RFPs differently. *Id.* at 44. But he nevertheless states that he's willing to provide interrogatory responses "and make a good-faith production of responsive documents in his control." *Id.* at 4.

A prompt response is appropriate. The discovery letter's exhibits show that Plaintiff emailed Defendant on August 4, 2026 to notify it that he hadn't received any written discovery requests. *Id.* at 9. That same day, Defendant retransmitted its written discovery to the email Plaintiff had used to contact Defendant. *Id.* at 15. Plaintiff's responses were therefore due 30 days later, on September 3, 2026. *See* Fed. R. Civ. P. 33(b)(2) & 34(b)(2)(A). Plaintiff doesn't convincingly explain why he was unable to timely respond to Defendant's written discovery after this point.[1]

Plaintiff is therefore ordered to produce responses to Interrogatories 1-14 and RFPs 1-10 by **November 6, 2026**.

Defendant also requests that Plaintiff's objections to the interrogatories and RFPs be deemed automatically waived by virtue of his late response. Dkt. 67 at 3. But Rule 33 and Rule 34 don't necessarily impose an automatic waiver penalty for untimely responses.

[1] Although Plaintiff mentions that the parties' correspondence on September 23, 2026, identified certain differently numbered interrogatories (nos. 1-25) and RFPs (nos. 1-8), this correspondence isn't before the undersigned. Nor does Plaintiff show how this explains his failure to timely respond to Interrogatories 1-14 and RFPs 1-10. Plaintiff could have sought an extension of time from Defendant and, if needed, asked the Court for additional time so as not to prematurely force a court-ordered resolution.

Rule 33 explicitly allows courts to excuse the failure to timely object "for good cause." Fed. R. Civ. P. 33(b)(4). And, as courts within this district have noted, "the Ninth Circuit has been reluctant to interpret Rule 34 as imposing an automatic waiver penalty for untimely discovery responses." *Genomics v. Song*, Case No. 21-cv-04507-JST (LJC), 2024 WL 2044627, at *3 (N.D. Cal. May 7, 2024) (citing *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. Of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Relevant factors in evaluating whether waiver is appropriate include "(1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver." *Lam v. City & Cty. Of San Francisco*, Case No. 4:10–cv–04641–PJH (LB), 2015 WL 4498747, at *3 (N.D. Cal. July 23, 2015). Here, given Plaintiff's unrepresented status, the absence of any prejudice to Defendant, and the lack of evidence suggesting Plaintiff acted in bad faith, the undersigned declines to apply a waiver.

*Plaintiff's RFA Responses.*

The parties finally raise Plaintiff's failure to timely respond to Defendant's RFAs. Defendant served RFAs to Plaintiff on August 4, 2026. Dkt. 67 at 3, 15. Plaintiff didn't respond within 30 days. *Id.* at 3. Defendant then filed a "Notice of Deemed Admissions" on September 9, 2026. Dkt. 63. Plaintiff submitted his RFA responses to Defendant that same day. Dkt. 67 at 3. The next day, he filed a motion to withdraw his deemed admissions and treat his September 9 responses as operative, although this filing wasn't docketed as a motion on CM/ECF. Dkt. 64.

Noting this history, Judge Chen's September 11 order stated that he would "refer[] discovery disputes to a magistrate judge, and the parties' dispute[] as to … admissions

under Rule 36 should be resolved in that forum." Dkt. 65 at 3. The parties then raised this issue in their discovery letter. Dkt. 67 at 3, 5. Per Judge Chen's order, the undersigned addresses the status of Plaintiff's admissions here.

Under Rule 36(a)(3), an RFA is deemed admitted unless the party to which it's directed responds within 30 days. Fed. R. Civ. P. 36(a)(3). Rule 36(b) recognizes the self-executing nature of the admissions process, providing that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The two factors in the withdrawal inquiry are whether withdrawal would promote presentation of the action on its merits and whether the court is "not persuaded" that withdrawal would prejudice the requesting party in litigating on the merits. *Id.*; *see also Conlon v. U.S.*, 474 F.3d 616, 621-22 (9th Cir. 2007).

The undersigned concludes that withdrawal is warranted here. First, Plaintiff's withdrawal would promote the presentation of this action's merits. As Defendant's Notice of Deemed Admissions argues, the admissions "eliminat[e] all [Plaintiff's] claimed damages and liability theories." Dkt. 63 at 9. Second, the undersigned isn't persuaded that withdrawal prejudices Defendant. Defendant received Plaintiff's responses six days after they were due. Dkt. 67 at 4. Defendant doesn't explain how this relatively short delay meaningfully prejudices its preparation for trial at this early stage of the case. *See Conlon*, 474 U.S. at 623 ("[C]ourts should focus on the prejudice that the nonmoving party would suffer at trial."). Therefore, both factors weigh in favor of the relief Plaintiff seeks under Rule 36(b).

/ / /

/ / /

Plaintiff's request to withdraw his admissions is granted. His September 9, 2026 RFA responses are deemed operative.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Alex G. Tse
United States Magistrate Judge