UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD BROWN,<br>Plaintiff,<br>v.<br>WEST COAST-HEGENBERGER PROPERTIES, LLC,<br>Defendant. | Case No. 25-cv-07488-EMC (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 69 |

The Court rejects Defendant's unilateral discovery submission. Dkt. 69.

First, the submission is procedurally deficient. The undersigned's standing order requires that discovery disputes be raised (i) after a face-to-face meet and confer (in person or by videoconference), and (ii) in a discovery letter that contains "each party's position" and "each party's final proposed compromise." AGT Civil Standing Order § VII.B. Defendant's submission meets neither of these requirements. Instead, Defendant's counsel admits that he hasn't met and conferred with Plaintiff about this issue. Dkt. 69 at 2. What's before the Court is not really a discovery letter reflecting both sides' best efforts to compromise; it's a unilateral filing seeking relief in the same way a noticed motion would. Going forward, discovery letters containing unilateral requests for relief will be rejected.

Second, the relief Defendant seeks is unwarranted. Defendant seeks an order precluding Plaintiff from introducing any evidence regarding certain of his claimed damages

categories. *Id.* at 6. But as Defendant recognizes, the preclusion it invokes under Rule 37 is largely "automatic" and "self-executing." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001). And the rule's language focuses on circumstances when a party "seeks to supply [unproduced] evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). No such posture is present in this case, and the undersigned declines to impose a wide-ranging preclusive order at this stage. Moreover, to the extent Rule 37(c) preclusion is implicated going forward, it may be an issue properly decided by Judge Chen, not the undersigned, in the context of a noticed motion or trial.

Nevertheless, Defendant argues that a preclusive order preventing Plaintiff from further introducing evidence of economic damages is warranted under Rule 37(b), which allows courts to prohibit a party "from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). This rule applies when a party "fails to obey an order to provide or permit discovery." *Id.* However, there's no failure here that justifies the order Defendant seeks. Plaintiff met the Court's October 30 deadline for producing responsive damages documents within his possession. Dkt. 68 at 2; dkt. 69 at 2. As Judge Chen has previously stated, and as the Court noted in its previous order, the Rule 26(a) initial disclosure is merely a "preliminary assessment and is subject to revision … [a]s discovery proceeds, Plaintiff[] may, indeed must, supplement [his] initial damages disclosure to reflect the information obtained through discovery." *City and Cty. Of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003); *see also* dkt. 68 at 2. The Court isn't convinced by Defendant's effort to use Rule 37(c) to obtain wide-ranging preclusion of certain damages categories based on asserted deficiencies in initial damages disclosures. The current litigation posture is nowhere near the close of discovery.

Defendant also notes that Plaintiff responded to its interrogatories and RFPs three days late, on November 9, 2026. Dkt. 69 at 3. Defendant raises this to support its request for an order precluding introduction of damages evidence under Rule 37(b)(2)(A)(ii). *Id.* at 5. But Defendant doesn't justify its requested relief by explaining in detail how this delay caused it prejudice or how these responses relate to the subject matter on which it seeks preclusion. *Id.* The Court declines to grant Defendant the relief it requests based on this delay.

The request at dkt. 69 is denied.

**IT IS SO ORDERED.**

Dated: November 23, 2026

Alex G. Tse
United States Magistrate Judge